UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2663-CAS (AJWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | ANTHONY YUZWA V. M/V OOSTERDAM, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| William Banning | Aksana Moshaiv<br>John Tullis | |

**Proceedings:** **DEFENDANT HAL MARITIME LTD'S MOTION TO COMPEL ARBITRATION** (filed October 29, 2012)

**I.    INTRODUCTION & BACKGROUND**

On March 28, 2012, plaintiff Anthony Yuzwa filed a "Seaman's Complaint for Personal Injuries" ("Complaint") against M/V Oosterdam, IMO Number 922/281, her engines, tackle, apparel, furniture, and appurtenances, *in rem* ("vessel"); HAL Maritime, Ltd. ("HAL"), erroneously named as Holland America Line, Inc.; Stiletto Entertainment and Stiletto Television, Inc ("Stiletto defendants"); and Does 1–10.  Dkt. No. 1.

Plaintiff, a Canadian citizen, was hired to work as a performer aboard the M/V Oosterdam cruise ship.  The parties dispute whether plaintiff was employed only by HAL, or whether plaintiff was also an employee of Stiletto.  Once plaintiff was hired to work on the vessel, he signed the Seagoing Employment Agreement ("SEA") that HAL filed in support of its motion.  Decl. of Steve Price Ex. A.[1]  According to the terms of this agreement, plaintiff agreed that any "wage disputes, property damage, personal injury, death, or any other claim. . . shall be governed in all respects by the Laws of the British Virgin Islands."  Id. ¶ 9A.  Plaintiff further agreed that "all such disputes no matter how described, pleaded or styled, shall be resolved by binding arbitration pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral

---

[1] Although plaintiff did not specifically address the terms of the SEA in his complaint, plaintiff discusses the import of the agreement extensively in his opposition and does not dispute the authenticity of this document.  As such, the Court finds it appropriate to consider the contents of this document for purposes of this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2663-CAS (AJWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | ANTHONY YUZWA V. M/V OOSTERDAM, ET AL. | | |

Awards (New York 1958), 21 U.S.T. 2517. . . exclusively in your country of citizenship, or if your home country is not a party to the Convention, then in Seattle, Washington." Id. No party disputes that Canada is a signatory to the Convention, and therefore that any arbitration that is effectuated pursuant to the SEA would take place in Canada, under British Virgin Islands law.

While on board the vessel rehearsing for a performance, plaintiff alleges that he was severely injured when a stage lift/riser crushed his right foot and toes. Compl. ¶ 8. As a result of the accident, plaintiff had his big toe, second toe, and parts of his fourth and fifth toes amputated. Id. Plaintiff brings claims for: (1) Jones Act negligence; (2) unseaworthiness; (3) maintenance and cure; (4) negligence under general maritime law; (5) strict products liability; (6) breach of warranty.[2]

On October 29, 2012, defendant HAL filed a motion to compel arbitration. Dkt. No. 15. Plaintiff filed an opposition on November 26, 2012. Dkt. No. 22. On November 29, 2012, defendant HAL offered to stipulate to arbitration in Los Angeles with a mutually-agreed upon arbitrator, limited discovery, and application of U.S. maritime law. Defendant contends it never received a response to this proposal. Decl. of Anita M. Eilert Exs. A & B. HAL filed a reply on December 3, 2012, Dkt. No. 23. Stiletto defendants also filed a "reply" on this same date to correct perceived "misrepresentations" in plaintiff's opposition, although Stiletto defendants have not joined HAL's motion to compel arbitration. Dkt. No. 24. After considering the parties' arguments, the Court finds and concludes as follows.

II. ANALYSIS

    A.    The United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards

HAL's argument in support of its motion is straightforward: all of plaintiff's claims against HAL should be dismissed because his claims are subject to mandatory arbitration. Broadly speaking, this case presents two conflicting policy goals. First, "[s]eamen have always been regarded as wards of the admiralty, and their rights, wrongs,

---

[2] Relevant to this motion, plaintiff asserts only the first three claims against HAL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2663-CAS (AJWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | ANTHONY YUZWA V. M/V OOSTERDAM, ET AL. | | |

and injuries a special subject of the admiralty jurisdiction. The policy of Congress, as evidenced by its legislation, has been to deal with them as a favored class." Lindo v. NCL (Bahamas), Ltd., 652 F.3d 1257, 1294 (11th Cir. 2011) (Barkett, J., dissenting) (quoting Bainbridge v. Merchants' & Miners' Transp. Co., 287 U.S. 278, 282 (1932)); see also id. at 1295 ("the perils of the sea include the full range of dangers associated with deep water, wind and weather, tides and currents, ocean predators, great distances from shore, relative isolation, and inaccessibility of shore-side facilities for aid and succor") (alterations and quotations omitted). Accordingly, Congress has afforded injured seamen special legal remedies, "in order to assuage their hazardous exposure to the perils of the sea." Id. at 1295 (quotation omitted); see also Rogers v. Royal Caribbean Cruise Line, 547 F.3d 1148, 1151–52 (9th Cir. 2008) ("[s]eamen from the start were wards of admiralty"). This includes the negligence claim available under the Jones Act, 46 U.S.C. § 30104, which adopts a "featherweight" causation standard—"causation may be found the defendant's acts or omissions played any part, no matter how small, in bringing about the injury." Id. (quotation omitted).

Second, the Federal Arbitration Act ("FAA") "sets forth a liberal federal policy favoring arbitration and reverses years of hostility by the courts towards arbitration agreements." Lozano v. AT & T Wireless Services, Inc., 504 F.3d 718, 725 (9th Cir. 2007). To overcome this liberal presumption in favor of arbitration, "the burden is on the party opposing arbitration. . . to show that Congress intended to preclude arbitration of the statutory claims involved." Id. In short, "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Balen v. Holland Am. Line Inc., 583 F.3d 647, 652 (9th Cir. 2009) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)); see also id ("The Supreme Court has consistently recognized 'the emphatic federal policy in favor of arbitral dispute resolution,' a policy that 'applies with special force in the field of international commerce.'" (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 631 (1985))).

Directly relevant here is the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"), 21 U.S.T. 2517, which Congress codified in the FAA at 9 U.S.C. §§ 201–208 ("the Convention Act"). See Rogers v. Royal Caribbean Cruise Line, 547 F.3d 1148, 1153 (9th Cir. 2008). Under Article II(1) of the Convention, "[e]ach Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2663-CAS (AJWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | ANTHONY YUZWA V. M/V OOSTERDAM, ET AL. | | |

relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration." Id. (quoting the Convention). In the Convention Act, the United States declared that the Convention would apply to only "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention." 9 U.S.C. § 202. Section 2 of the FAA, in turn, provides that:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

HAL moves to compel arbitration pursuant to 9 U.S.C. § 206, which provides that "[a] court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States."[3] The Ninth Circuit has adopted a four-factor test to determine whether to enforce an arbitration agreement under the Convention:

> (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen. . .

---

[3] Although the FAA explicitly exempts the "contracts of employment of seamen" from domestic arbitration, 9 U.S.C. §§ 1, 2, the Ninth Circuit held in Rogers v. Royal Caribbean Cruise Line, 547 F.3d 1148, 1154 (9th Cir. 2008), that the FAA's "exemption clause" did not apply to arbitration agreements covered by the Convention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2663-CAS (AJWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | ANTHONY YUZWA V. M/V OOSTERDAM, ET AL. | | |

Balen v. Holland Am. Line Inc., 583 F.3d 647, 654–55 (9th Cir. 2009) (quoting Bautista v. Star Cruises, 396 F.3d 1289, 1294-95 (11th Cir. 2005)). HAL contends that all of these requirements have been met here, and plaintiff does not appear to argue to the contrary. First, the agreement to arbitrate is clearly set forth in writing, signed by plaintiff. Second, the agreement provides for arbitration in the employee's country of citizenship; plaintiff is a citizen of Canada, and Canada is a signatory to the Convention. As such, the arbitration required by the SEA will be held in a signatory nation. Third, the Ninth Circuit has twice found that "[t]he employment contracts of seafarers arise out of legal relationships which are considered as commercial, and therefore those contracts fall under the Convention." Rogers, 547 F.3d at 1155; see also Balen, 583 F.3d at 652. And fourth, plaintiff is not an American citizen. Accordingly, the Court finds that unless the SEA is otherwise unenforceable as against public policy, plaintiff must arbitrate his claims against HAL.

    **B.    Public Policy**

    Plaintiff offers three reasons why this Court should not compel arbitration despite the clear mandate of the SEA.[4] First, plaintiff argues that both the choice of law

---

[4] At oral argument, counsel for plaintiff presented a fourth argument not contained in his briefing—that the arbitration provision at issue in this case is void or otherwise unenforceable because of its vagueness. Counsel argues that the provision fails to delineate what procedural rules will apply to the arbitration or the number of arbitrators who will preside over the proceeding. The Court finds this argument unavailing. There is no dispute that plaintiff's claims fall within the scope of the arbitration provision, as the provision is unambiguous on this point. See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002) (holding that courts may consider "questions of arbitrability" including "a gateway dispute about whether the parties are bound by a given arbitration clause"). Issues of procedure and discovery, however, should be addressed by the arbitrator the parties ultimately select. See id. ("'procedural' questions which grow out of the dispute and bear on its final disposition" are presumptively not for the judge, but for an arbitrator, to decide."). In addition, the Court notes that numerous other courts have considered this same or similar arbitration provision and none have found it to be unenforceable on vagueness grounds. See, e.g., Javier, 2010 WL 3633173, at *1, 11. Because issues of procedure and discovery may be properly decided by the arbitrator, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2663-CAS (AJWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | ANTHONY YUZWA V. M/V OOSTERDAM, ET AL. | | |

provision and the choice of forum provision of the SEA violate U.S. public policy and are "null and void" under the Convention. Citing to the Ninth Circuit's decision in Balen, plaintiff contends that courts will not enforce an arbitration provision in a seaman's employment agreement that results in the seaman being deprived of his "substantive rights" under U.S. law. 583 F.3d at 654; see also Javier v. Carnival Corp., 2010 WL 3633173, at *4 (S.D. Cal. 2010) (finding the same under Balen). Plaintiff argues that the arbitration clause at issue in this litigation impermissibly limits plaintiff's statutory remedies, because the arbitration panel has no discretion to apply U.S. law or procedure, and there is no Jones Act remedy available to him under British Virgin Islands law. Opp'n at 4–5. As such, plaintiff argues that the arbitration clause is void as a matter of public policy. See Thomas v. Carnival Corp., 573 F.3d 1113, 1121 (11th Cir. 2009). Furthermore, because the SEA appears to contain no severability clause, plaintiff contends that the Court has no basis to sever the impermissible choice of law provision from the remainder of the arbitration provision and therefore must find the entire arbitration provision unenforceable. Opp'n at 5. In the alternative, plaintiff argues that assuming the Court determines it has the inherent power to strike the choice of law and venue provision and compel arbitration, the Court may only do so if HAL "concedes that all claims in the arbitration will be governed by U.S. law and procedure and that arbitration take place in the United States." Cf. Dumitru v. Princess Cruise Lines, Ltd., 732 F. Supp. 2d 328, 346–47 (S.D.N.Y. 2010) (striking choice of law and venue provisions from arbitration clause in seaman's employment agreement containing severability clause).

In Balen, the Ninth Circuit addressed the plaintiff's argument that the arbitration provision of his contract was null and void because it is contrary to public policy. 583 F.3d at 653. The plaintiff, on behalf of himself and all others similarly situated, sought to bring a claim under the Wage Act, 46 U.S.C. § 10313, against a cruise line operator. Turning to the Convention, Article II(3), the court found that "courts must enforce an agreement to arbitrate unless the agreement is "'null and void, inoperative or incapable of being performed.'" Id. at 654 (quoting 21 U.S.T. at 2519).[5] The court found that unless

---

arbitration provision at issue is not void for vagueness.

[5] Article II(3) states in full: "The court of a Contracting State, when seized of an action in a matter in respect of which the parties have made an agreement within the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2663-CAS (AJWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | ANTHONY YUZWA V. M/V OOSTERDAM, ET AL. | | |

plaintiff could show that "the public policy regarding the proper treatment of seafarers is stronger than the public policy favoring the arbitration," plaintiff would have to arbitrate his claims. Balen, 583 F.3d at 654. As stated by another Ninth Circuit district court, the key determination is whether enforcing a choice-of-law provision in an international arbitration agreement would force a plaintiff "to waive claims arising under statute and risk obtaining no relief whatsoever." Javier v. Carnival Corp., No. 09-cv-2003, 2010 WL 3633173 at * 4 (S.D. Cal. Sept. 13, 2010). In Balen, the employment agreement did not mandate that the law of a particular country be applied; instead, the foreign arbitrators could theoretically apply whatever law they deemed appropriate. As such, the court found that plaintiff could not establish "what statutory remedy or procedure he could pursue in the United States that he could not pursue in the [foreign arbitration]." Balen, 583 F.3d at 654; see also Rogers v. Royal Caribbean Cruise Line, 547 F.3d 1148, 1159 (9th Cir. 2008) (finding public policy defense to motion to compel arbitration unavailing, where the plaintiffs had no "evidence that international arbitration would nullify any of the statutory rights Congress has conferred on seafarers"). The court held that because the plaintiff would be free to return to district court at the enforcement stage, he retained the opportunity to move to set aside any award in the event that the foreign arbitrator refused to apply the Wage Act to plaintiff's claim.

---

meaning of this article, shall, at the request of one of the parties, refer the parties to arbitration, unless it finds that the said agreement is null and void, inoperative or incapable of being performed." This provision applies at the motion to compel arbitration stage, permitting the assertion of the usual defenses to contractual formation, and is incorporated into U.S. law via 9 U.S.C. § 206. See Lindo v. BCL (Bahamas), Ltd., 652 F.3d 1257, 1263 (11th Cir. 2011). On the other hand, "Article V of the Convention. . . enumerates seven defenses that—like 9 U.S.C. § 207—are directed at courts considering whether to recognize and enforce an arbitral award." Id. The Ninth Circuit in Balen appeared to adopt this distinction without comment, specifically quoting the "null and void" language of Article II(3) of the Convention in considering the plaintiff's public policy argument, and not Article V. Balen, 583 F.3d at 654. While the Eleventh Circuit's most recent decision in Lindo calls into serious question the propriety of considering "public policy" defenses at the motion to compel stage, the Court will follow Balen in considering whether plaintiff's agreement to arbitrate is "null and void" as against public policy under Article II(3) of the Convention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2663-CAS (AJWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | ANTHONY YUZWA V. M/V OOSTERDAM, ET AL. | | |

  Here, by contrast, the SEA mandates that plaintiff arbitrate his claims in Canada pursuant to the laws of the British Virgin Islands ("BVI"). As such, enforcing the choice of law provision in the SEA would force plaintiff to forgo his Jones Act claim entirely, as no one disputes that this claim could not be raised under BVI law. This is the type of "nullification" of plaintiff's statutory rights that Rogers and Balen indicated may render an arbitration clause "null and void." However, because plaintiff also brings common law maritime claims that may be viable under BVI law, plaintiff could obtain an arbitration award that would allow him to challenge in a subsequent enforcement proceeding, on public policy grounds, his inability to bring his Jones Act claim in arbitration. Compare Balen, 583 F.3d at 654 (finding arbitration clause valid, because plaintiff had arbitrable claims under foreign law that would allow him to return to federal district court to attempt to set aside the award and pursue his U.S. statutory claim) with Thomas, 573 F.3d at 1123 (refusing to enforce arbitration provision that forced the plaintiff to arbitrate a single Wage Act claim in the Philippines under Panamanian law, because the plaintiff would have no award to enforce in U.S. courts).

  The Court need not conclusively determine this issue, however, because HAL has offered to stipulate to arbitration in Los Angeles with a mutually agreed upon arbitrator, along with application of U.S. maritime law. Eilert Decl. Ex. A (Dkt. No. 23-1). This is in accord with plaintiff's argument in his opposition, that the Court ought not to compel arbitration unless "HAL concedes that all claims in the arbitration will be governed by U.S. law and procedure and that arbitration take place in the United States." Opp'n at 7. In light of defendant's representations to the Court and plaintiff, the Court finds it appropriate to compel arbitration of all of plaintiff's claims, under U.S. law, in Los Angeles. See, e.g., Rivas v. Carnival Corp., 09-cv-23628, 2010 WL 2696676, at *2 (S.D. Fla. Mar. 30, 2010) aff'd, 448 F. App'x 981 (11th Cir. 2011) (compelling arbitration pursuant to the defendant's stipulation to the application of U.S. law); PPG Industries, Inc. v. Pilkington PLC, 825 F. Supp. 1465, 1482–83 (D. Ariz. 1993) (referring plaintiff's claims to arbitration pursuant to the defendant's "representation and consent to arbitration of the plaintiff's claims under U.S. law); Kovacs v. Carnival Corp., No. 09-CV-22630, 2009 WL 4980277 at *1 (S.D. Fla. Dec.21, 2009) (refusing to compel arbitration because defendants would not stipulate to application of U.S. law to plaintiff's Jones Act claim). The Court finds that referring this matter to arbitration in the United States, under U.S. law, best harmonizes the "emphatic" policy favoring arbitration with Congress's special solicitude for seaman as a protected class.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2663-CAS (AJWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | ANTHONY YUZWA V. M/V OOSTERDAM, ET AL. | | |

The Court finds that plaintiff's other arguments against compelling arbitration are unavailing. Plaintiff contends that his maintenance and cure claims are not subject to the arbitration clause contained in the SEA, because these claims "are not part of the alleged seaman's employment contract, but rather arise out of the employment relationship and cannot be contracted away." Opp'n at 7 (citing to Atlantic Sounding Co., Inc. v. Townsend, 557 U.S. 404, 422 n. 9 (2009) (noting that the right to maintenance and cure "cannot be modified or waived")). The Court finds this argument unavailing. Plaintiff did not explicitly waive his claims to maintenance and cure under the SEA, but only agreed to arbitrate any such claims against HAL arising out of his employment. Thus, plaintiff's claims have not been "contracted away," as he contends, but instead diverted to a different forum. See, e.g., Bautista, 396 F.3d at 1296, 1303 (affirming an order that compelled arbitration of a claim for maintenance and cure based on an arbitration provision); Fernandes v. Carnival Corp., No. 09-15675, 2012 U.S. App. LEXIS 14270, *4–5 (11th Cir. July 12, 2012) (per curium).

In addition, plaintiff argues that he is entitled to have a jury determine who his "Jones Act employer" is, as between HAL and the Stiletto defendants. See Glyn v. Roy Al Boat Mngmt. Corp., 57 F.3d 1495, 1498 (9th Cir. 1994). Plaintiff alleges that he was employed by both HAL and the Stiletto defendants, and that HAL and the Stiletto defendants are guilty of negligence under the Jones Act for committing numerous negligent and wrongful acts in breach of the duty of care owed to plaintiff. Compl. ¶ 14. He also asserts his maintenance and cure claim against HAL and the Stiletto defendants, for failing to "provide promptly all maintenance and cure" for the "grievous injuries suffered by plaintiff while in the service of the vessel." Id. ¶ 36. Because plaintiff asserts that he may not recover from more than one employer under the Jones Act—as only one entity may be deemed his "Jones Act employer"—plaintiff contends that this issue going to the merits of his claim makes it impossible to decide the arbitration issue at this stage of the proceedings.

The Court finds that despite plaintiff's contention that HAL and the Stiletto defendants are plaintiff's coemployers, the Court may still order plaintiff to arbitrate his claims without deciding who is plaintiff's employer for purposes of the Jones Act. It is true, as plaintiff contends, "that there can be only one Jones Act employer." Glynn v. Roy Al Boat Mgmt. Corp., 57 F.3d 1495, 1500 (9th Cir. 1995), abrogated on other grounds by Atl. Sounding Co., Inc. v. Townsend, 557 U.S. 404 (2009). However, it is not essential that a jury, rather than a court, decide who plaintiff's Jones Act employer is.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2663-CAS (AJWx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | ANTHONY YUZWA V. M/V OOSTERDAM, ET AL. | | |

In <u>Glyn</u> itself, the district court found as a matter of law that a particular person was the plaintiff's Jones Act employer; the Ninth Circuit only found error in the district court's submitting to the jury the question of whether an *additional* entity was also the plaintiff's Jones Act employer. <u>Id.</u> at 1500. What plaintiff appears to be contending is that enforcing arbitration would impermissibly waive his right to a jury trial of his Jones Act claims, whether on the issue of co-employment or more generally. In accord with numerous other courts to have considered the issue, the Court finds this argument unavailing. An agreement to arbitrate his claims necessarily effectuates a waiver of plaintiff's right to a jury trial; this is not a bar to arbitration in general or of Jones Act claims in particular. <u>See, e.g.</u>, <u>Harrington v. Atl. Sounding Co.</u>, 602 F.3d 113, 126 (2d Cir. 2010) (rejecting waiver of jury trial for a Jones Act claim as a defense to an arbitration agreement); <u>Hodgson v. Royal Caribbean Cruises, Ltd.</u>, 706 F. Supp. 2d 1248, 1258 (S.D. Fla. 2009) ("Numerous courts. . . have required arbitration of Jones Act claims according to the Convention."). Accordingly, the Court finds that plaintiff waived his right to a jury trial in the arbitration agreement; an arbitrator is competent to decide who plaintiff's employer is for purposes of the Jones Act.

## IV. CONCLUSION

In accordance with the foregoing, the Court STAYS this action only as to defendant HAL and GRANTS HAL's motion to compel arbitration of the claims asserted against it. Such arbitration shall apply U.S. maritime law to plaintiff's claims and take place in Los Angeles, California or other mutually-agreed upon location. The Court will retain jurisdiction over this matter for purposes of enforcing any award that results from the arbitration.

IT IS SO ORDERED.

| | 00 | : | 13 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |