UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2663-CAS (AJWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | ANTHONY YUZWA V. M V OOSTERDAM, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants

Not present                           Not present

**Proceedings:**    **(In Chambers:) PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** (filed May 31, 2013) [51]

**I.    INTRODUCTION & BACKGROUND**

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of July 1, 2013, is vacated, and the matter is hereby taken under submission.

On March 28, 2012, plaintiff Anthony Yuzwa filed a "Seaman's Complaint for Personal Injuries" ("Complaint") against M/V Oosterdam, IMO Number 922/281, her engines, tackle, apparel, furniture, and appurtenances, *in rem* ("vessel"); HAL Maritime, Ltd. ("HAL"), erroneously named as Holland America Line, Inc.; Stiletto Entertainment and Stiletto Television, Inc.; and Does 1–10. Dkt. No. 1.

Plaintiff, a Canadian citizen, was hired to work as a performer aboard the M/V Oosterdam cruise ship. Once plaintiff was hired to work on the vessel, he signed a Seagoing Employment Agreement with HAL. HAL has stipulated to being the owner and operator of the vessel and plaintiff's Jones Act employer at the time of the incident. Dkt. No. 29. While on board the vessel rehearsing for a performance, plaintiff alleges that he was severely injured when a stage lift/riser crushed his right foot and toes. Plaintiff further alleges that Stiletto was responsible for choreographing, directing, and managing these rehearsals.

On December 17, 2012, the Court granted defendant HAL's motion to compel arbitration and stayed the case as to HAL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2663-CAS (AJWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | ANTHONY YUZWA V. M V OOSTERDAM, ET AL. | | |

The Court granted plaintiff's motion for leave to file the operative First Amended Complaint ("FAC") on May 20, 2013.[1]  The FAC asserts claims for: (1) Jones Act negligence; (2) unseaworthiness; (3) maintenance and cure; (4) negligence under general maritime law; (5) breach of warranty of workmanlike service; (6) strict products liability; and (7) breach of warranty.  Plaintiff's FAC also drops Stiletto Television as a defendant and substitutes Hastings/Clayton/Tucker, Inc. d/b/a Stiletto Entertainment ("Stiletto) in place of Stiletto Entertainment.

Plaintiff now moves for leave to file his proposed Second Amended Complaint ("SAC").  Dkt. No. 51.  Defendant opposed the motion on June 10, 2013, and plaintiff replied on June 17.  After considering the parties' arguments, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

As a preliminary matter, the Court must decide whether Federal Rule of Civil Procedure 15(a) or 16(b) applies.  Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a).  Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997).  However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Rule 16(b) applies.  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).  This is because once the scheduling order is in place, the court must modify the scheduling order to permit an amendment.  W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.1 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d at 609).

Here, the Court has already set a deadline of February 28, 2013, for adding parties and amending pleadings.  Therefore, plaintiff must demonstrate "good cause" for bringing this motion under Rule 16, then if "good cause" is shown, plaintiff must demonstrate that amendment is proper under Rule 15(a).

---

[1] The Court denied plaintiff's ex parte application to "amend" his motion to file a different first amended complaint, stating that "[i]f plaintiff seeks to file an amended complaint different in substance than the proposed First Amended Complaint lodged with his motion, plaintiff may notice a new motion under the standards set forth in Federal Rules of Civil Procedure 15 and 16."  Dkt. No. 47.  The instant motion followed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2663-CAS (AJWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | ANTHONY YUZWA V. M V OOSTERDAM, ET AL. | | |

### A.  Federal Rule of Civil Procedure 16

Rule 16(b)(4) provides that a scheduling order shall be modified "only for good cause." "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609.  Accordingly, while the court may consider the "existence or degree of prejudice" to the opposing party, the focus of the court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend.  Id.  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

### B.  Federal Rule of Civil Procedure 15

Rule 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991).  However, "[u]ndue delay is a valid reason for denying leave to amend." Id. (internal quotation marks and citation omitted); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend.").  Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party.  Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2663-CAS (AJWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | ANTHONY YUZWA V. M V OOSTERDAM, ET AL. | | |

1324. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

### III. ANALYSIS

Plaintiff seeks to file a proposed SAC that makes two minor changes to plaintiff's FAC, at least as far as Stiletto is concerned. See Mot. at 7–10 (detailing proposed amendments to the FAC).[2] First, plaintiff seeks to add allegations concerning the diversity of citizenship of the parties, allegations that plaintiff maintains he inadvertently omitted from his FAC. Second, plaintiff seeks to modify his negligence and breach of warranty and workmanlike performance claims against Stiletto to state his entitlement to damages in greater detail. Other than the aforementioned alterations, plaintiff's legal theories, claims, and allegations in his proposed SAC are identical to the operative FAC.

In light of the foregoing, there appears to be no reason to deny plaintiff the opportunity to file the proposed SAC. While these proposed modifications likely could have been included in plaintiff's FAC, this does not end the inquiry. The amendments that plaintiff seeks to make are sufficiently minor in character, as far as Stiletto is concerned, that these amendments will present no case management issues nor impair the efficient adjudication of this action.

Indeed, Stiletto was on notice of these proposed amendments as of the filing of plaintiff's ex parte application to amend his first motion to file an amended complaint, and it has failed to articulate any reason why it would suffer prejudice if the proposed SAC is filed. Defendant's contentions that this amended pleading will make it difficult to conduct discovery, or that it is prejudiced by the "uncertainty" of plaintiff's actions, are

---

[2] The third amendment that plaintiff seeks to make—withdrawing his claims for products liability and breach of warranty against foreign manufacturer defendants—does not implicate Stiletto in any way. Plaintiff has already dismissed these defendants pursuant to Fed. R. Civ. P. 41(a). Dkt. No. 53.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2663-CAS (AJWx) | Date | June 25, 2013 |
|---|---|---|---|
| Title | ANTHONY YUZWA V. M V OOSTERDAM, ET AL. | | |

without merit. The Court can discern no reason why discovery will proceed any differently under the proposed SAC than with plaintiff's current complaint, and defendant offers none. Accordingly, the Court finds that plaintiff may file his proposed SAC.

**IV.   CONCLUSION**

In accordance with the foregoing, the Court GRANTS plaintiff's motion to file the proposed Second Amended Complaint. The Clerk shall file the proposed SAC forthwith.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |